UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
X Division

| | | |
|---|---|---|
| MOHAMMED AZIMI, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.:   3:26-CV-1 |
| | ) | |
| JOSEPH D. PLATANIA, et al, | ) | |
| | ) | |
|     *Defendants* | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, Joseph D. Platania and Nina-Alice Antony, by counsel, submit this memorandum in support of their Motion to Dismiss.

**INTRODUCTION**

Plaintiff asserts a First Amendment claim for prospective declaratory and injunctive relief premised on an asserted public right of access to records identifying which judge presided in the Albemarle-Charlottesville J&DR Court during April 8–12, 2024, including "judicial schedules and records of judicial reassignment." Plaintiff alleges the Defendants failed to produce such records, neither confirming nor denying which judge presided, and seeks declaratory and injunctive relief including, among other things, compelling disclosure of those records or confirmation of the presiding judge's identity for that week.

Plaintiff's Complaint should be dismissed because Plaintiff lacks Article III standing and, in any event, the Complaint does not plausibly allege a cognizable access-to-courts injury or a viable First Amendment right of access to the information at issue.

# ARGUMENT

**I.     Legal standard.**

*12(b)(1) standard*.

A motion to dismiss under Rule 12(b)(1) tests the court's subject matter jurisdiction over a plaintiff's claim. The plaintiff bears the burden of establishing that jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant makes a facial challenge to subject matter jurisdiction based upon the allegations in the complaint, the Rule 12(b)(6) standard applies: the facts alleged in the complaint are taken as true. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). However, if a defendant challenges the factual predicate of subject matter jurisdiction, the trial court may consider evidence without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The burden of proving subject matter jurisdiction in the circumstance is on the plaintiff, the party asserting jurisdiction. *Id*. The presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. *Kerns*, 585 F.3d at 192.

*12(b)(6) standard*.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the plaintiff's complaint to determine if it has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002). In determining the sufficiency of a complaint, Fed. R. Civ. P. 8 requires that a plaintiff plead more than unadorned, the-defendant-unlawfully-harmed-me-accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

TimberlakeSmith
Staunton, VA
540.885.1517

1937 (2009). A pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.* The claim must be plausible on its face. *Id.* The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plaintiff must plead more than a sheer possibility. *Id.* Naked assertions devoid of further factual enhancement are insufficient to meet the pleading standard in Rule 8. *Id.*; *Oberg ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Facts that are merely consistent with a defendant's liability fall short of the pleading standard. *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

    **II.**    **Plaintiff Lacks Article III Standing**.

To have Article III standing, a plaintiff must be able to show that (1) he suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* Traceability is established if it is "likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013) (citations omitted). "The traceability and redressability prongs become problematic when third persons not party to the litigation must act in order for an injury to arise or be cured." *Id.*

TimberlakeSmith
Staunton, VA
540.885.1517

3

Plaintiff alleges his "injury" is that he is "deprived of information that should be public" of which judge presided during April 8–12, 2024 and a generalized impairment of the public's First Amendment interest in understanding proceedings, not a concrete legal harm tied to a particular case outcome. *See* Compl. ECF No. 1 ¶ 28.  He does not allege that any filing was rejected, any deadline missed, any claim dismissed, or that he suffered any case-specific prejudice because the Commonwealth's Attorney's Office did not confirm a judge's identity or produce internal scheduling information. (Compl. ECF No. 1 ¶ 28).  Plaintiff previously filed a case in this Court regarding an identical FOIA request for records identifying which judge presided in the Albemarle-Charlottesville J&DR Court during April 8–12, 2024.  *Azimi v. Bunch*, Civil Action No. 3:25-cv-00020, 2025 U.S. Dist. LEXIS 208957 (W.D. Va. Oct. 23, 2025).  This Court previously held that in Plaintiff's other ongoing related matter, Plaintiff "does not describe how Defendants' denial of his requests for 'judicial schedules and records of judicial assignment' had any effect on the claims he raised or intended to raise in the state cases," and that bare allegations of hindrance "do not suffice."  *Azimi*, 2025 U.S. Dist. LEXIS 208957, at *12 (W.D. Va. Oct. 23, 2025).  The same deficiency exists in this case: the alleged informational and generalized transparency interests are not concrete, particularized injuries for Article III standing.

Additionally, Plaintiff pleads no facts establishing traceability of a concrete litigation harm to these Defendants or redressability by an order compelling disclosure. The Defendants are not the custodians of, nor do they retain records of judges' schedules, including records indicating whether Judge Pather was present during the week of April 8-12, 2024. *See* Compl. ECF No. 1 at 12; ECF No 1-2. Those records, if they exist, are maintained by Albemarle Charlottesville Juvenile & Domestic Relations Clerk's office. *Id*. Virginia's Commonwealth's Attorneys are independent constitutional officers who are not under the control of or within the judicial branch of government. *See* Va. Const.

4

Art. VI, § 1 ("The judicial power of the Commonwealth shall be vested in a Supreme Court and in such other courts of original or appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish."); Va. Const. Art. VII, §4 ("There shall be elected by the qualified voters of each county and city . . . an attorney for the Commonwealth . . .").

The Complaint does not allege any facts that if true would plausibly imply that the Commonwealth's Attorney defendants would have the records sought and be able to provide the remedy sought in this case.  By Plaintiff's own exhibits, the Defendants responded to his FOIA request by providing responsive documents in their possession.  The Defendants cannot provide documents which they do not possess; therefore Plaintiff's claimed injury is not redressable.  For these reasons, Plaintiff lacks Article III standing.

### III. The Complaint fails to state a First Amendment claim for denial of access to judicial records.

The test for determining whether a first amendment right of access is available is: 1) "whether the place and process have historically been open to the press and general public," and 2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-10, 92 L. Ed. 2d 1, 106 S. Ct. 2735 (1986).

"While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citation omitted).  "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). "However, to the extent the documents

are not relevant to the adjudicative process, no right of access applies." *Adjabeng v. Glaxosmithkline, LLC*, No. 1:12CV568, 2014 U.S. Dist. LEXIS 13988, 2014 WL 459851, at *1 (M.D.N.C. 2014).

Applying the test, neither factor is satisfied. Juvenile and Domestic Relations Court proceedings pertaining to minors are not open to the public. Further, documents identifying which judge presided over court proceedings on specific dates and related administrative assignments do not play a role in the adjudicative process, or adjudicate substantive rights, and therefore are not relevant to the adjudicative process.

Regardless, Plaintiff seeks to compel the *Commonwealth's Attorney*, which is not the judiciary, to disclose its internal records related to which judge presided and communications or materials reflecting judicial reassignment or schedules. Plaintiff points to no case law to support his claim that there exists a First Amendment right of access to judicial calendars, assignment, and attendance records maintained by a prosecutor. Therefore, Plaintiff has failed to state a claim for First Amendment denial of access to court records.

**IV.    The Complaint fails to state a First Amendment denial-of-access-to-courts claim.**

Within his First Amendment claim, Plaintiff alleges that his "ability to petition the government for redress . . . is impeded since he cannot even name the judge in question in any such petition. This lack of basic information creates a procedural hurdle and chills Plaintiff's access to the courts." (Compl. ECF No. 1 ¶ 28). An access-to-courts claim is "ancillary to the underlying claim," and a plaintiff must identify the underlying cause of action and facts showing defendants "hindered his efforts to pursue" it, resulting in "actual injury." *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This Court previously applied this standard and found Plaintiff's allegations in the original complaint "fall well short." *Azimi,* 2025 U.S. Dist. LEXIS *12 (W.D. Va. Oct. 23, 2025). This Complaint still does not identify any nonfrivolous underlying

6

claim that was lost or impeded by the Commonwealth's Attorney Defendants' alleged failure to confirm a judge's identity for April 8-12, 2024, or to disclose their Office's internal records, nor does it allege case-dispositive prejudice flowing from such nondisclosure.

The Complaint alleges no closure of proceedings, sealing of court records, or denial of access to a judicial docket; rather, it challenges a prosecutor's office's alleged refusal to confirm judicial assignment and to produce its own records. The First Amendment access doctrine concerning "judicial records and dockets" does not extend to compel disclosure of executive-branch prosecutorial files or to require prosecutors to certify judicial assignments on demand. Plaintiff's theory therefore fails as a matter of law.

The Complaint asserts that the Commonwealth's Attorney's Office, under Mr. Platania and Ms. Antony, "failed to produce the requested records," "neither confirmed nor denied" which judge presided during the week, and did not produce any judicial attendance logs, sign-in sheets, court assignment schedules or daily rosters, administrative orders or written designations of a substitute judge, or hearing minutes which may identify which judge presided on the relevant dates. Even accepted as true, those allegations do not plausibly state an access-to-courts violation because they do not identify a nonfrivolous underlying claim or actual injury, and they concern categories of information that, by Plaintiff's own exhibits, the Defendants do not possess. Nor do they plausibly allege that these Defendants possess or control the sought judicial scheduling records, further defeating any entitlement to injunctive relief compelling disclosure by them.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court dismiss this action with prejudice and afford them such other and further relief as this Court deems appropriate.

TimberlakeSmith
Staunton, VA
540.885.1517

        JOSEPH D. PLATANIA,
        and
        NINA-ALICE ANTONY,

        By Counsel

By:   /s/ Kelly C. MacCluen
      Rosalie Pemberton Fessier
      VSB # 39030
      Brittany E. Shipley
      VSB # 93767
      Kelly C. MacCluen
      VSB # 99448
      Attorneys for Defendants Platania and Antony
      Timberlake**Smith**
      25 North Central Avenue
      P. O. Box 108
      Staunton, VA 24402-0108
      phone:  540/885-1517
      fax:    540/885-4537
      email:  rfessier@timberlakesmith.com
              bshipley@timberlakesmith.com
              kmaccluen@timberlakesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

      Mohammed Azimi
      110 Turtle Creek Road #8
      Charlottesville, VA  22901

      /s/ *Kelly C. MacCluen*
      Rosalie Pemberton Fessier
      VSB # 39030
      Brittany E. Shipley
      VSB # 93767

       Kelly C. MacCluen  
       VSB # 99448  
       Attorneys for Defendants Platania and Antony  
       Timberlake**Smith**  
       25 North Central Avenue  
       P. O. Box 108  
       Staunton, VA 24402-0108  
       phone:  540/885-1517  
       fax:     540/885-4537  
       email:  rfessier@timberlakesmith.com  
                bshipley@timberlakesmith.com  
                kmaccluen@timberlakesmith.com

TimberlakeSmith  
Staunton, VA  
540.885.1517